William A. Sweet ⎫
vs. ⎬ Eq. No. 609.
John J. King ⎭

January 11, 1934.

FROST, J. Heard upon demurrer to bill of complaint.

The bill sets forth an agreement entered into on the 21st day of May, A. D. 1930, whereby Albert W. Rogers and William A. Sweet sold a certain quantity of ice to John J. King for a stipulated amount. King agreed that he would not engage in the ice business on certain named routes so long as said Rogers or said Sweet was engaged in said business unless he purchased ice from either one or the other of them.

The bill alleges that in the spring of 1933 the respondent sold and delivered ice upon the routes mentioned in the agreement, which ice was not purchased from the complainant notwithstanding the latter was ready and willing to furnish it.

The respondent demurs to the bill on the grounds that there is a plain and adequate remedy at law; that specific performance is asked of a contract that cannot be specifically enforced in equity for lack of mutuality of remedy; that the complainant has not stated such a case as entitles him to relief.

Referring to the first ground of demurrer, the Court thinks, from a reading of the will, that it can hardly be said that complainant's remedy at law is adequate and complete. This ground of demurrer is overruled.

As to the second ground, it is sufficient to say that there is much authority for the statement that when one not bound has performed his part of the agreement, the plea of lack of mutuality may not be made.

See Article on Enforcement of Negative Covenants by Barry Gilbert in 4 California Law Review 114;

*Wallace V. Miller* vs. *John Cameron* (1889), 45 N. J. Equity 95;

*Tillinghast* vs. *Boothby* (1897), 20 R. I. 59.

This ground, too, must be overruled.

Turning to the ground of demurrer which is, substantially, that the complainant has not stated a case entitling him to relief, it appears from the agreement which is made a part of the bill that respondent King purchased a certain quantity of ice from one Albert W. Rogers and this complainant. King agreed not to engage in the ice business on certain routes unless he bought ice from Rogers or from Sweet. From anything that appears in the bill, the respondent may have bought ice from Rogers as he would seem to have a right to do under the language of the agreement. The complainant is Sweet. alone and he only charges that the respondent did not buy of him.

As the allegations are insufficient to entitle the complainant to relief, the demurrer is sustained on the ground last mentioned.

For complainant: Edgar L. Burchell, Esq.

For respondent: Wilson, Lovejoy, Budlong & Clough.